BANK OF ATTICA, Respondent, *v.* METROPOLITAN NATIONAL BANK OF NEW YORK, Appellant.

(Argued October 27, 1884; decided November 25, 1884.)

THE complaint in this action alleged, and the referee found in substance that plaintiff, a Buffalo bank, sent to defendant, its New York correspondent, five drafts for collection, known as "canal freight drafts," which were secured by bills of lading of canal boats, to each of which bills was attached a notice to the consignee, that freight charges and demurrage to an amount specified were payable by check to defendant's order; that the acceptors of the drafts delivered to defendant the consignees' check, to the amount as called for by the notice; that defendant indorsed and collected said check, but appropriated the same by the direction of the acceptor of the drafts, but contrary to plaintiff's instructions, to the payment of other drafts accepted by him which belonged to plaintiff, and were in the hands of defendant for collection. The *mem.* of opinion is as follows:

"The finding of the referee is in substance that the defendant undertook to collect for the plaintiff certain drafts, and did do so, but applied the proceeds in a manner not authorized by

it. The evidence sustains this conclusion. He also finds, however, that those proceeds were in fact applied by the direction of another party to the payment of certain other commercial paper then held by the defendant, but belonging to the plaintiff, and so the defendant contends that there has been no damage. ° This does not follow. The object sought by the plaintiff in conveying special instructions to the defendant as to the disposition of the money has not been attained, and in that is an apparent loss. It was not necessary to constitute a cause of action that the violation of duty should have been caused by fraud or collusion. It is enough that the defendant took the risk of obeying a person who had no right to direct. The findings of the referee were upon questions of fact; they covered all the issues in the action and were sustained by evidence. There was no error in refusing to make other or additional ones. The evidence excepted to, and to which the appellant calls attention, was given on cross-examination, and in receiving it the referee had a discretion which he does not seem to have abused.

" The judgment should be affirmed."

*Fisher A. Baker* for appellant.

*Edward C. James* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.